Good morning, Your Honors. As Director of the Appellate Litigation Clinic at the University of Virginia School of Law, I would like to introduce to the Court this morning two third-year law students, Sarah Crandall and Elizabeth Joines, both of whom satisfy the requirements for practice before this Court and have our client's consent to argue his appeal this morning. Ms. Crandall will be addressing the statutory tolling argument. Ms. Joines will be addressing the equitable tolling argument. Ms. Crandall Good morning, Your Honors, and may it please the Court. My name is Sarah Crandall and I represent the Plaintiff Appellant William Battle. We are here today because Mr. Battle gave three reasons why his Section 1983 claim should have been tolled in his Opposition to Summary Judgment, and the District Court failed to address two of his three arguments. While we grant that the District Court was correct not to apply Mr. Battle's first tolling argument, the Court said that first argument was the only argument he raised, which is simply incorrect, and failed to address his other two bases for tolling. As Mr. Battle argued in his Opposition to Summary Judgment, his Section 1983 claim should have been tolled either under the Virginia TORC Claims Act or VTCA or under federal equitable tolling doctrine. I will be addressing the statutory tolling argument. My co-counsel will be addressing the equitable tolling arguments. At the very least, we ask this Court to reverse the District Court's grant of summary judgment and remand for full consideration of Mr. Battle's tolling arguments. The crux of the statutory tolling argument is this. Ordinarily, federal courts considering Section 1983 claims borrow the applicable basic statute of limitations and tolling provisions from state law. In this case, that would be the two-year personal injury statute of limitations and the tolling provisions that go along with that. But the exception to this comes if those basic tolling provisions discriminate or differentially treat federal law claims from state law claims in a way that makes it more difficult to file a federal law claim or somehow privileges a state law claim over a federal law claim. And that's the situation we have here. The basic state law doesn't toll for exhaustion of administrative remedies, even though Section 1983 claims by inmates require exhaustion. State law personal injury claims don't have an exhaustion component. So a plaintiff who files a state law claim gets the full benefit of that two-year statute of limitations to develop and file his state law personal injury claim. But a plaintiff or inmate who files a federal 1983 claim has to exhaust his administrative grievance remedies first under the PLRA. And so in practice, he has less than two years to file and prepare his Section 1983 claim because the two-year statute of limitations clock is ticking while he's exhausting his remedies under the basic state tolling provision. That's clearly differential treatment of federal claims. Because he's using federal law instead of state law, he loses out on the full benefit of his two-year statute of limitations. That's the essence of hostile and discriminatory under Johnson versus Davis. And so when we have a basic state law of limitations that is hostile or discriminatory toward a federal cause of action, federal courts look to see if there are any other applicable provisions or tolling provisions under state law that they can apply. And in Virginia, we have what's the Virginia Tort Claims Act, the BTCA. And the Virginia Tort Claims Act is a fairly analogous cause of action provision. It deals with tort claims against government. Here we have a claim that could have been brought as a tort claim instead of a Section 1983 claim. It has a similar issue underlying it. So a pretty analogous provision. And the Virginia Tort Claims Act does toll the deadline, the statute of limitations, to file the complaint while the inmate is exhausting his administrative grievance remedies. The way this works is that the deadline to file the complaint under the VCTA is pegged to the deadline to file what's called a notice of claim. That's a requirement that is unique to cases and causes of action brought under the VTCA. And the deadline to file the notice of claim is a year after the inmate's cause of action accrues, but that year is tolled while the inmate exhausts his administrative grievance remedies. So in practice, the deadline to file the complaint is tolled while the inmate exhausts his administrative grievance remedies as well. And that's the principle that we ask this court to apply today. If this court tolls the statute of limitations while the inmate exhausts his administrative grievance remedies under the VTCA, his claim was indeed timely filed. His cause of action accrued on December 6, 2013. In your reply brief, you say that Virginia does not recognize any non-statutory basis for tolling the statute. I thought Virginia does allow for equitable tolling in exceptional circumstances, doesn't it? No, Your Honor. The cases that I've considered that have held that there is an equitable estoppel provision in certain circumstances, it has not held that there is any equitable tolling provision or doctrine. Well, could equitable estoppel apply here? Is this an exceptional circumstance? Possibly, Your Honor. We did not brief that argument, but we do argue that equitable tolling should apply using the Holland test. My co-counsel will be going into that a little bit more thoroughly in her argument. But the facts in the record do suggest that there were extraordinary circumstances in play here, specifically that Mr. Battle was effectively barred from making use of the law library and had no way of requesting cases or conducting research unless he could give the specific name of a case. Is your statutory argument the one that is the discriminatory? That's correct, Your Honor. That's the sole argument. If this Court chooses not to apply the statutory tolling provisions, then the Court would look to equitable tolling remedies. Okay. I think we understand your argument. Maybe we can hear from your colleague. Of course. Okay. And you will give her your remaining two minutes. Very good. Okay? Thank you, Your Honors. Good morning, Your Honors, and may it please the Court. My name is Elizabeth Joines, and I will address the equitable tolling issues. You bring the microphone down closer to you. We'll hear you better. Thank you. Yes, Your Honor. If this Court finds the VTCA to be inapplicable, federal equitable tolling should still have tolled the two-year statute of limitations, rendering his claim timely. The District Court erred in failing to consider Mr. Battle's equitable tolling argument, and this Court should reverse the District Court's grant of the defendant's motion for summary judgment and remand to the District Court. There are two approaches to federal equitable tolling. The first is automatic. This Court may apply federal equitable tolling principles because applying the Virginia Statute of Limitations without an exhaustion requirement for tolling would be inconsistent with federal law and that enables this Court to look to federal law for tolling doctrine. Under federal equitable principles, automatic federal equitable tolling should have applied to Mr. Battle's claim because he was exhausting his administrative remedies pursuant to the PLRA. Have you found any Supreme Court case that has adopted a bright-line rule for federal equitable tolling? No, Your Honor. Well, yes, Your Honor. The Supreme Court has addressed federal equitable tolling under Holland v. Florida. It was an extraordinary circumstance. I think that's why the question was, are you a bright-line rule? No, Your Honor. Except the Supreme Court has spoken to this issue about how federal law should apply rather than state law in Board of Regents v. Timonio. Can we start with a common recognition that ordinarily in 1983 claims, we apply the statute of limitations and the state's tolling principles apply? Yes, Your Honor. So how do we get from there to equitable tolling? In Board of Regents. Federal equitable tolling. Yes, Your Honor. In Board of Regents. No, no. If you could just tell me without citing, just explain it to me. Why would you do that? What would give you the right to do that? Where state law is inconsistent with federal law and policy, you do not have to look to the state law. You can look at federal law. And how is Virginia state law inconsistent with federal law and policy here? Where a remedy is separate and independent from another remedy that's available. I don't understand what you're saying. Under 1983, an inmate must pursue his administrative remedies prior to filing his 1983 action. And the Supreme Court has stated a bright-line rule that when... Right. Because of the PLRA. Right. Because federal law requires him to do that exhaustion, right? Yes, Your Honor. Okay. And because of that exhaustion requirement, consistent with Supreme Court precedent, it was said that it would be inconsistent to require a plaintiff to refrain from filing his civil action laws... What about Virginia law requires or mandates that a prisoner not exhaust his... Where's the fundamental inconsistency that you want federal equitable tolling principles to address? The inconsistency comes from the absence of a tolling principle under Virginia law. Now, is there an absence of tolling principle under Virginia law? Yes, Your Honor. There is no tolling provision during exhaustion under Virginia law. And we know that how? Section 229, the basic tolling provision of the Virginia Code, does not allow or provide for any tolling... It does not provide. Would it be worthwhile to ask Virginia if they have equitable tolling or tolling that would satisfy the concern that you've articulated? Since we are bound by state law on statutes of limitations and tolling to the... Unless they're contrary to... Unless they're contrary to federal law. Virginia law is silent on the issue of equitable tolling. That's precisely my point.  Right. Are you familiar with federal courts certifying issues to state courts... No, Your Honor. ...when they're unclear about state law? That's what my colleague is suggesting. If the statute is silent, why would we not ask Virginia what is the state of its law? Before we assume that its silence has an affirmative connotation. That would be an option, Your Honor. But given the silence, we took the silence to be an absence of tolling doctrine affirmatively, and that absence would be inconsistent with federal law and policy of 1983. Further, federal courts have stated that federal courts may apply federal equitable principles when equity... I'm really having trouble hearing you. Either talk louder or put the microphone closer to your mouth. Thank you. That federal courts have the power to apply federal equitable principles where equity demands it. And so in this circumstance, because application of federal equitable principles would be necessary for the vindication of federal rights under 1983, federal equitable principles rather than state equitable principles should apply even in the absence of inconsistency with federal or with state law, or federal law, state law, and federal law. The statute of limitations should have been tolled automatically during the exhaustion period for two reasons. All of the federal courts of appeal that have addressed this issue have adopted federal equitable tolling while an inmate is exhausting his administrative remedies pursuant to the PLRA. That's actually not true. I beg your pardon, Your Honor? They haven't all adopted federal equitable tolling. All of them have one way or another gotten to tolling, but some of them have relied on state rules, right? Your Honor, in adopting this doctrine, one circuit based its decision on both state and federal law, and then three circuits based their decision on federal circuit precedent outright. So none of these circuits have only based their decisions on state law. Okay. I read them being more circuits in play and more divergence, but we'll see what happens. The circuits I'm referring to are the Second Circuit, the Fifth Circuit, the Sixth. Some of the circuits, without discussing where they get this right, just apply equitable tolling. Yes, Your Honor. Some of them expressly, two of them, I think, expressly say it's this federal equitable tolling. Yes, Your Honor. And some of them, it seems to me, apply state rules. The ones that apply state rules also look to federal circuit precedent. They may look to federal circuit precedent, but that's not, okay. They, to be sure, cite those cases, but that's different than the holding of the case at hand, right? Your Honor, I think that the basic... They may think they're persuasive, but they're not controlling. Yes, Your Honor. And then, in addition, one of the circuits has adopted automatic federal equitable tolling in two different cases, one of which relied on state law and federal circuit precedent, and another one that cited only federal circuit precedent. The policies underlying 1983 and the PLRA also support this. Well, then, why don't the policies underlying 1983 just provide for a federal statute of limitations, too? It doesn't do that. It seems to mandate some degree of deference to state law and tolling rules, and I'm still struggling with the overleap. When we don't know, actually, whether Virginia recognizes tolling or not. The rule to look to state statute of limitations and tolling doctrine that was espoused by the adoption of the PLRA, and so the court had stated that where the remedies were tied together in another claim would be inconsistent with federal law and policy, and so the court has not yet addressed 1983 actions in the context of the PLRA. If this court does not wish to adopt automatic federal equitable tolling under Holland, the Supreme Court precedent... When you say automatic federal equitable tolling, do you mean that we don't look to whether or not a state statute of limitations has tolling provisions at all? We just immediately go to federal tolling principles? Yes, Your Honor, because... No, I think you mean it would automatically apply. The tolling would automatically apply. The federal rule would automatically apply to toll the period in which you're doing the PLRA case, that you wouldn't look to individual circumstances. Correct. Is that what you mean? Exactly, Your Honor, and that would be based upon the remedies that are tied together under 1983 and the PLRA because they're not separate and independent as Board of Regents versus Timonio referenced. See, I haven't found, I'd be interested if you have found, a Supreme Court case in which the court took, said, well, we're going to apply federal equitable tolling here because there's been this hole. Under Holland v. Florida, the Supreme Court has applied federal equitable tolling on a case-by-case basis. In what? Holland v. Florida. I've heard the site. What is the, what are you saying to me about Holland? It's a case-by-case flexible analysis that looks at... But that's what I just said to you. I thought that this rule about... There are two approaches, Your Honor. I understand that, and I'm asking you about the first one, which we've been talking about, and have you found a case where the Supreme Court's done that? The Supreme Court, Holland v. Florida is the case-by-case analysis, but the Supreme Court has not adopted a bright-line rule about automatic federal equitable tolling. The closest thing to that is Board of Regents versus Timonio that talks about the separate and independent remedies. See, a problem I have is that 1988 tells us that we are to look to state law in doing all this, and you acknowledge that we look to state law for the limitations period, right? Yes, Your Honor. And limitations periods and tolling provisions usually go hand-in-hand. Yes, Your Honor. But if we don't go with your first argument, your colleague's argument, then you're suggesting that we get to a separate argument altogether and look to tolling under federal law while we're adopting a state statute of limitations, right? Yes, Your Honor. I see that my time has expired. May I have leave to answer your question? Yes. Yes, Your Honor. We do look to state statute of limitations and state tolling provisions, but the reason that we would not look to the state tolling provision now is because the way that the statute of limitations in Virginia would operate on the federal cause of action because it is inconsistent with federal law and policy, and that's what enables us to look to federal law for tolling doctrine. Did you? No. It wouldn't help. Thank you, Your Honor. Thank you very much. We appreciate your argument. Good morning, Your Honors, and may it please the Court, Michelle Callen for Defendant's Appellees. I'd like to address two points raised by my friends on the other side, one related to this idea of discrimination and the applicability of the Virginia Tort Claims Act, and two related to equitable tolling under Virginia law. But first, I think it's helpful to walk through the timeline of this case because the timeline of this case highlights precisely why a bright-line rule automatically tolling statutes of limitations during exhaustion of administrative remedies makes little sense in the case of Virginia. So, Mr. Battle's claim accrued on December 6, 2013. The parties do not dispute the timeline of this case. Two months and 23 days later, Mr. Battle exhausted his administrative remedies on February 27, 2014. He then waited an additional 22 months before filing the complaint in this case. Now, the parties agree that Virginia's statute of limitations governing personal injury claims applies in this case. The parties also agree that Virginia's corresponding tolling provision for that statute of limitations does not apply. So, the question is whether Mr. Battle is entitled to tolling from elsewhere. He's not. Now, on this discrimination point, the other cases that my friends point out regarding discrimination are cases wherein a state statute of limitations specifically calls out federal law and treats it differently on its face. So, for example, the Johnson v. Davis case that they mentioned set forth one statute of limitations for state law claims and a completely separate timeframe for federal claims. If he brings exactly the same claim as a personal injury claim, if someone does, in Virginia, they get two years, right? Somebody who brings it in prison under the PLRA that is using Virginia's statute of limitations never gets two years, right? Well, the statute of limitations is the same both in federal and state court. It's both two years. He never gets two years to go to court. He has a lesser period because he has to exhaust under federal law, correct? I mean, there's just, you said what you agreed on. You all agree that the PLRA applies. It requires exhaustion. You cannot go into court until after you've exhausted your PLRA claim. So, you want to go into federal court, you look to the state statute of limitations, lo and behold, under your representation to a six months of your statute of limitations has already gone by. So, you don't have what every other citizen who is making a claim, exactly, could be exactly the same claim going to federal court, a 1983 claim, federal constitutional claim. They have two years to bring their claim and the person in prison only has a year and a half. Well, the analogy in state court, Your Honor, is the Virginia. That's not an analogy. I'm comparing apples and apples. It's the same claim. It's a 1983 claim. It's excessive force. Exactly the same fall. So the case, if the exact same cause of action is brought in state court against these exact defendants under this cause of allegation. No, it wouldn't be against these defendants because he's in prison. So the plaintiff is different. The plaintiff is in prison in one case and the plaintiff is out of prison in the other. But the injury is the same. The cause of action is the same. So the PLRA is, the PLRA by its own right requires exhaustion and that differentiates federal cases in that manner. That's correct, Your Honor. And the question is whether then this court should either apply a bright line rule requiring the tolling of the statute of limitations during the exhaustion period or whether there is equitable remedies kind of at issue here for Mr. Battle's specific case. Are there any equitable remedies available to him under Virginia law? Yes, Your Honor. So Virginia equitable principles allow for forgiveness of a, you know, missing a deadline when a defendant has knowingly gotten in the way of the plaintiff's ability to file in a timely manner. Those are Virginia equitable principles. Are you saying that the prison official's gotten in the way of his filing? Precisely not, Your Honor. So there's no allegation in this case nor any argument that the defendants at issue here in any way got in the way. That doesn't help him. Right. Correct. And the result is the same. It's always going to be the case that sometime is going to be taken up with the administrative remedies. The plaintiff will always have to exhaust administrative remedies under the PLRA. And you're quite correct. The plaintiff here did wait 22 months after the last step in the process. But just for sake of argument, suppose the process hadn't concluded for two years after the injury through no fault of the prisoners. Is there any accommodation in state law for that situation? Or any accommodation that you're aware of for that situation? So yes, Your Honor. Although respectfully, I might push back a little bit on the concept of whether that's even possible in Virginia because Virginia remedies, Virginia grievance process specifically caps the time frame. Yes. But you've read these other cases, haven't you? Yes, Your Honor. And you've seen that there have also been state laws in some of those cases which made for a shorter period of time than was actually taken. And I have been a judge a long time, and sometimes even the Commonwealth of Virginia makes mistakes and takes longer than they are supposed to under state law, correct? I will respect that representation, Your Honor. None of those cases have... You would push back on it, though? You don't think the Commonwealth of Virginia has ever made any mistakes? I'm sure we have, Your Honor. But the Virginia grievance procedure is capped at 180 days, and my friends on the other side have not pointed to any cases in which that hasn't been respected. And in fact, this case... Well, how would they necessarily know that? I mean, there are millions of these cases that are filed, right? So in the event that there is some... Prison grievances, you could ask your client, there are many, many prison grievances that are filed. Many. Yes, Your Honor. Many, many, many. Many. So to the extent there's some sort of inequitable circumstance that, as Your Honor pointed out, is such that it would exceed the timeframe of the statute of limitations, it would be case-specific as to why exactly that happened. But the PMR... And would it be remediable case-specifically? Correct, Your Honor. Correct meaning yes, it would be? Yes, Your Honor. How? So two ways, Your Honor, and I think it depends on the factual circumstances at issue. So if it was a situation in which the remedy process wasn't working properly, that can go under the PLRA, the definition, a prisoner only need to exhaust available administrative remedies. And if the exhaustion process is such that the administrative remedies were not made available to him, so for example, when prison administration thwarts the inmate from taking the 180 days in Virginia, then the Supreme Court's reasoning in Ross v. Blake would apply and the available, under that circumstance, the PLRA requirement to exhaust available remedies, those remedies would not have been available. So that's one avenue. And so how would all that work? The prisoner has to know, well, they're not handling this right, so actually the PLRA exhaustion doesn't apply and I can go into federal court and then he would persuade some federal judge that, in fact, he doesn't have to exhaust? Is that how that would apply? That's correct, Your Honor. Yeah, well, lots of luck on that. I mean, the federal judges are not interested in the state is not accommodating you, so you're now in federal court. Well, I think, I mean, I think that's why the issue did come up in, you know, that the Supreme Court did recently address it in Ross v. Blake, I mean, precisely to address that sort of situation. I'm sorry, I didn't understand what you said. That's why the Supreme Court did what? So Ross v. Blake, from just two years ago, the Supreme Court kind of explained precisely that situation and that in that situation, the administrative remedies are not available to the inmate. But there is an alternative also under Virginia Equitable Principles, and it is the principle that when a defendant gets in the way of a plaintiff's ability to file in a timely manner. You had mentioned that, and that's sort of, that's the, that's kind of the equitable estoppel line of theory, which seems to depend on the fault of the defendant. That's correct. It has to act inappropriately. Yes. So how do we accommodate the, how do we accommodate, I mean, do you, would you want us to certify this? Because it seems to me that you haven't, you have not raised that as a possibility. No, Your Honor. I mean, Virginia Equitable Principles do account for situations in which, in which a inmate or any litigant is thwarted from the ability to file. But that's not, but you, that doesn't, that's not the situation here. It's not necessarily going to be when the prisoner is thwarted. It's just the necessity of exhaustion. That's correct. By definition. That's correct. So, yes, so I'm having a difficult time with the inherent inequity in this whole system for prisoners versus people who are outside of prison that Judge Motz has raised. So you, you tout the, you know, the 180-day cap as a reason that, no problem here because it's not going to last forever, it only lasts six months. So that means people in prison have an 18-month statute of limitations, whereas people outside have a 24-month statute of limitations. So that seems inherently inequitable to me. So what are we to do with that? So I think that's something that's built inherently into the PLRA. I mean, the PLRA could have set forth a statute, a federal statute of limitations for those cases, but it did not. And this Court has held multiple times, and courts around the country look then to state principles because the PLRA is silent on that matter. So I think that's true. If North Carolina law applied an 18-month statute of limitations, would your answer be the same? An 18, if the Virginia statute of limitations for personal injury claims were 18 months? Yes, Your Honor. And what if it was a year? Yes, Your Honor. So, so the concern with the Well, the Supreme Court has held that six months isn't a long enough period, right? I'm not sure I know the specific case you're referring to, Your Honor, but Well, you'd be giving, if your state statute of limitations was a year, the PLRA person would only have six months, correct? Depending on how long it took him to exhaust his administrative remedies. Right, right. But with it being capped in Virginia at 180 days, it's, you know, it's anywhere kind of between the, within that timeframe. And Mr. Battles' case is a good example where it only took two months and 23 days for him to exhaust his administrative remedies. What was the purpose of the Prison Litigation Reform Act? What was it designed to do? I think it was designed to address the abundance of such cases that Your Honor's also referred to earlier, and it was addressed to kind of help litigants cabin their claims in a manner that would be workable for courts. So arguably, Congress wasn't really concerned about making it, in facilitating the ability of prisoners to file, and wasn't necessarily concerned about preserving their access to the entire statute of limitations provided by state law? Is that your, an argument? Well, the PLRA is silent on that issue, on the issue of statute of limitations, which is why we look to state statute of limitations. But, and it's well- That was actually a friendly question. Yeah. But yes, I mean, that is the purpose underlying the PLRA. But I think the bigger picture is the question of injustice. And my friends on the other side discussed a Catch-22 type situation that was raised in other cases that was the concern underlying the rule that was set forth in other states. The situation that Your Honor, Judge Motz referred to, right, where a litigant might not be able to exhaust administrative remedies within the statute of limitations. In that situation, he might be caught in a Catch-22, wherein he is unable to meet exhaustive administrative remedies. Well, we really actually do understand the facts of this case. You know, we do. We understand how long it took him and whether or if not, but see, the problem is that statute of limitations are regarded as your outer boundary. And because of that, you don't make your statute of limitations, your claim is gone. And so that's why courts are pretty particular in when your cause of action accrues and whether, in fact, it will be stayed for some reason. And that's what we're trying to get at here. So I think that it's fair to say that most of the courts that have looked at this, whether their reasoning was very complete or not, were offended by a state when there was no tolling provision that would apply to ordinary people in the state, but not to PLRK people. So my understanding is that the offense arose from this situation in which an inmate Not always. I mean, have you read all the cases? I mean, I have a diagram and I could go through them with you, but I don't want to take up any of your time. But it is not the case in every one of those cases. That's correct. But in those, they look to the individual, you know, statute of limitations at issue there and the individual grievance procedure and the particular concern that could arise in those situations. But some of them did apply a federal equitable tolling, a bright line rule. Some of them did that. So the Sixth Circuit applied a bright line rule in Brown v. Morgan, or in some ways appeared to. It's hard to really parse that out since it's such a short opinion. And it's worth noting, Your Honor, that that opinion contained no briefing on the other side. It was a pro se litigant who only had his brief. There was no briefing on the other side and no argument there. So to read that case more broadly. So which way do you think that cuts? A pro se litigant and still the Fifth Circuit went with him and there's, I don't know. So that sounds to me like they thought it was pretty obvious. I think it's important to take it within the context. So that context was in the context of Kentucky's one-year statute of limitations. Well, it's just about one year. You don't think there was a problem? Well, I'm not familiar with Kentucky's grievance procedure at the time that Brown v. Morgan was decided. But that's why it's important to take this into account on a state-by-state basis and look to the state-specific circumstances. Here the state grievance procedure is firmly capped. Is there a way to accommodate what appear to be somewhat competing but legitimate concerns that we do respect the state statute of limitations and tolling principles on the one hand, but we recognize the administrative remedy exhaustion requirement that's imposed by the PLRA on the other, and not immediately default to a federal equitable tolling principle in all PLR cases? In other words, and I'm going to ask the counsel on the other side as well, although it's a little difficult the way they divide. I think I know who I'm going to ask. But is there a way we can craft relief to address the problem without an automatic default or bright line rule? I think that's where the state equitable principles would come in. It would be crafted. Well, no, I don't think so. So we think there's a problem. A problem with relying on the state thwarting, the affirmative thwarting by the state. Is there any other accommodation mechanism that exists? Outside of state equitable tolling principles, Your Honor? Well, equitable estoppel, well, where you have to show wrongdoing. So I think that's where the Supreme Court's recent decision in Ross v. Blake would come in, when there's some sort of prevention, when prison administrators thwart an inmate. But that's exactly what I was saying was I did not find an acceptable response. What I'm asking is, is there any way to accommodate the administrative process? Is there anything the state can do to accommodate or any way to address the need but not on a bright line basis? And I'm inferring that the answer that you would give me is no. No, not outside state equitable principles. I think that's where state equitable principles come in. I have a quick question on the state equitable principles. You said that Virginia does allow equitable tolling when the state thwarts efforts to exhaust remedies. If prison administration officials denied the prisoner access to legal materials or the law library, would that be a thwarting effort? I think there could be an argument to that effect to the extent that the defendants at issue engaged in that behavior. With respect to this particular argument with access to the law library, and I see that my time is running out. You can answer it. Thank you, Your Honor. The law library argument was not addressed as to individual defendants at issue here. And the relief that's sought here is not tolling during the time frame that Mr. Battles sought to access the law library. The relief that's sought here is tolling during the time frame where he exhausted administrative remedies. So the two are completely separate. In a situation in which the defendants at issue here prevented Mr. Battle from accessing the library and there was an argument to that effect, then that's the sort of example in which Virginia's equitable principles may very well kick in. But that's not the facts of this case. And unless this Court has any additional questions, I ask that this Court affirm. Thank you. Thank you very much. May it please the Court, a few points of rebuttal. Are you prepared to address the – we're now going to talk about the equitable tolling argument before you were just focusing on the statutory – Yes, Your Honor. Okay. Well, you heard my question to co-counsel. One of the problems I have here is that you're arguing on behalf of Mr. Battle, who doesn't need equitable tolling. He had 22 months to file. So we're adopting this what you want, a bright line rule for somebody who has no need of it whatsoever. He simply – he simply waited – With all respect, Your Honor, we do not believe that Mr. Battle did wait 22 months sitting on his hands. He was attempting – the record indicates that he was attempting to conduct research on issues – Well, then you have a thwarting. Then you do have the availability of the – you don't need equitable – the equitable – federal equitable tolling because you've got the equitable estoppel argument that Ms. Callan referred to. That's correct, Your Honor. Our client was not attempting to raise the statute of limitations. That was a complete – a complete bar to the statute of limitations defense. He was simply trying to have it tolled, which is why he's argued for federal equitable tolling either automatically, as the circuit courts have done, or on a case-by-case basis under – And my point is sort of that it appears, at least the way that you've described it, that he has a state equitable tolling argument. He does not have a state equitable tolling argument. Well, you're told – Unless – unless we accept the statutory tolling under the VTCA. And why would you not? Because you're saying that he – you're saying when you say he didn't sit on his hands, he tried and he was thwarted, what you've just given me is an equitable estoppel argument under that Virginia recognizes for tolling purposes. But that only happened after the two years had expired. I mean, that – because – and it expired because – is that right?  I don't think so, because it was the 22 months between February 27th, 2014, and January 11th, 2016. I thought you said he wasn't sitting on his hands during that time. He was thwarted during that time. That's correct, Cheryl. So he was trying to gain access to research and library materials during that time, and that is why he could not file within the statute of limitations here? No, that's – that's not the way I read the facts. No, but that – yeah. He filed – there were two – there were a couple of factors that resulted in him filing outside the two-year – basic two-year statute of limitations. First of all, he had difficulty conducting the research, but secondly, he was also operating under the understanding that the VTCA would apply to toll his provisions. Well now you – now you're changing. I mean, your response is changing, because my specific question was in that 22 months that he had between the denial, the final step in the state administrative process, and the filing of the suit, he didn't need equitable tolling, and your response was, yes, he wasn't sitting on his hands. He was affirmatively trying to file in federal court. That's correct, Your Honor. And that he was thwarted from doing so. Yes, he was prepared to file his claim by January 11th, 2016, which was 22 months later. It was within what he thought the statute of limitations would be, but he couldn't file it earlier. He filed it as soon as he was ready to file it. Why couldn't he file it earlier? Again, because of the difficulty, and we grant that the facts on this issue are a little unclear. They're murky. Which is why this Court should remand for full development. Well, maybe that's – I mean, maybe that's the answer, because as I understood your response, there was thwarting during that 22-month period. Yes, Your Honor. That is how we read the record. If there are no further questions, I see my time has expired. May I briefly sum up? Sure. Thank you. Your Honors, we have brought two bases for tolling Mr. Battle's claims. First, applying the analogous provisions of the VTCA, in which case his claim would have been timely filed. But if this Court chooses not to use that statutory method, then we ask this Court to consider equitable tolling, given the difficulty Mr. Battle had, and at the very least remand for full factual development, so that Mr. Battle can make his case before the District Court that it is necessary. Thank you. Thank you very much. We will come down and greet counsel and then take a short recess.
judges: Diana Gribbon Motz, Allyson K. Duncan, Stephanie D. Thacker